**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ESTATE OF ANDREW GUIDRY, BY AND
THROUGH ITS EXECUTRIX PAULA GUIDRY,
AND PAULA GUIDRY, INDIVIDUALLY**                               **PLAINTIFFS**

**v.**                                       **CIVIL NO. 1:17cv295-HSO-JCG**

**LOWE'S HOME CENTERS, L.L.C.**                                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT LOWE'S HOME CENTERS, L.L.C.'S MOTION
FOR SUMMARY JUDGMENT [115] AND GRANTING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [117]**

This matter is before the Court on Defendant Lowe's Home Centers, L.L.C.'s Motion for Summary Judgment [115] and its Motion for Partial Summary Judgment [117]. These Motions are fully briefed. After review of the Motions, the related pleadings, the record, and relevant legal authority, the Court finds that Defendant Lowe's Home Centers, L.L.C.'s Motion for Summary Judgment [115] as to liability should be denied, its Motion for Partial Summary Judgment [117] as to punitive damages should be granted, and Plaintiffs Estate of Andrew Guidry, by and through Its Executrix Paula Guidry, and Paula Guidry, Individually's punitive damages claims should be dismissed with prejudice.

### I. BACKGROUND

A.    <u>Facts and procedural history</u>

On or about March 9, 2016, Andrew Guidry ("Guidry"), now deceased, slipped and fell while walking in the receiving and delivery department at a store in

Waveland, Mississippi, owned and operated by Defendant Lowe's Home Centers, L.L.C. ("Defendant" or "Lowe's"). Compl. [1-2] at 3; Roberson Dep. [124-8] at 11. At the time, Guidry was an employee of The Empire Company, a vendor for that particular Lowe's store. Empire supplied molding to Lowe's. Sigsworth Dep. [124-5] at 11-12; Incident Report [124-4] at 1. Guidry routinely visited Lowe's to inspect Empire's supply of molding for any damaged goods, remove any split or broken molding, and take it to Lowe's Return Merchandise Clerk, Tammy Sigsworth ("Sigsworth"), in the receiving department in order to fill out a return authorization for the damaged goods.[1] Sigsworth Dep. [124-5] at 5, 11-12.

Plaintiffs Estate of Andrew Guidry, by and through Its Executrix Paula Guidry, and Paula Guidry, Individually ("Plaintiffs"), allege that Guidry's slip and fall occurred because he stepped on a piece of plastic that had been negligently left on the floor after a Lowe's employee unpacked a shipping box. Compl. [1-2] at 3-5. Other than Guidry, no individual has been identified who actually saw what caused Guidry to fall. Lowe's Receiving/Delivery Manager, Brigitte Wiley ("Wiley"), testified at her deposition that she heard "something" that caused her to look up and then saw Guidry on the floor. Wiley Dep. [124-9] at 2, 6. As Wiley approached Guidry she called Lowe's Assistant Manager, Rick Molsbee ("Molsbee"), to notify him of the fall, while one of Lowe's delivery drivers, Kevin Guillaume, assisted

---

[1] The parties do not appear to dispute that the only individuals allowed in the store's receiving and delivery department were Lowe's employees and vendors.

Guidry to his feet and collected the papers Guidry had dropped. *Id*. at 6-7; Incident Report [124-4] at 3. Wiley asked Guidry what had happened, and he stated that he had fallen on a piece of plastic. *Id*. at 7. When Molsbee arrived at the scene, he filled out an Incident Report [124-4], and took a picture of the plastic piece on the floor identified by Guidry.[2] Molsbee Dep. [124-6] at 14-16; Incident Report [124-4] at 1-2. As a result of the fall, Guidry allegedly suffered serious and permanent injuries to his shoulders, right side ribs, left ankle, neck, and back. *Id*. at 6. Plaintiffs claim that Guidry underwent surgery for his back injuries and passed away from complications related to the surgery. *Id*.

On September 11, 2017, Plaintiffs filed a Complaint [1-2] in the Circuit Court of Hancock County, Mississippi, asserting a cause of action for negligence against Lowe's. *Id*. at 2. Plaintiffs allege that Lowe's breached its duties: (1) to use ordinary care to have the premises in a reasonably safe condition; (2) to warn Guidry of debris on the floor which created a dangerous and unsafe condition; (3) to exercise reasonable care to protect Guidry from the danger of a reasonably foreseeable injury due to its failure to inspect; and (4) to use reasonable care to provide a place of business that was free from dangerous conditions which caused an unreasonable risk to Guidry. *Id*. at 5. The Complaint also invokes the doctrine

---

[2] The Incident Report reflects that the fall occurred at approximately 12:42 p.m., and that the Report was completed at 1:00 p.m. *See* Incident Report [124-4] at 1. Attached to the Incident Report are the written statements of Guillaume and Molsbee. *Id*. at 2-3.

of *res ipsa loquitur, id*. at 7, and seeks general and special compensatory damages, damages for loss of consortium, costs, and punitive damages. *Id*. at 6-7.

Lowe's removed the case to this Court on October 16, 2017, on grounds of diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal [1] at 1-4. Lowe's has now filed a Motion for Summary Judgment [115] as to Plaintiffs' liability claims, and a separate Motion for Partial Summary Judgment [117] seeking dismissal of Plaintiffs' claims for punitive damages.

## II. DISCUSSION

A. Summary judgment standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the nonmoving party." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Cox*, 755 F.3d at 233); *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant carries this burden, "the nonmovant

must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). An actual controversy exists "when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quotation omitted).

B.   Premises liability under Mississippi law

Because this is a case arising under diversity jurisdiction, the Court must apply Mississippi substantive law. *Cox,* 755 F.3d at 233; *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Cox*, 755 F.3d

at 233 (quoting *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

The parties appear to agree, and it appears beyond dispute based upon the record, that Guidry's legal status at the time of his fall was that of a business invitee.[3] "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition." *Id.* (quoting *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008)).

A landowner's duty to invitees includes a "duty to keep its premises in a reasonably safe condition," and a duty to "warn of any dangerous conditions not readily apparent [of] which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." The breach of either duty supports a claim of negligence. *Id.* (quoting *Pigg*, 991 So. 2d at 1199-1200).

---

[3] "An invitee is a person who enters the property of another in response to an express or implied invitation of the owner or occupant for the mutual advantage or benefit of the parties involved." *Banks v. Brinker Miss., Inc.*, 146 So. 3d 388, 391 (Miss. Ct. App. 2014) (quoting *Daulton v. Miller*, 815 So. 2d 1237, 1239 (Miss. Ct. App. 2001)). The Mississippi Supreme Court "has recognized two classes of invitees: public invitees and business invitees." *Id.* at 391 n.2 (citing *Clark v. Moore Mem'l United Methodist Church*, 538 So. 2d 760, 763 (Miss. 1989)). A business invitee "is invited to enter or remain on the land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Id.* (citing *Clark*, 538 So. 2d at 763).

"Mere proof 'of the occurrence of a fall on a floor within [the] business premises is insufficient to show negligence on the part of the proprietor.'" *Bonner v. Imperial Palace of Mississippi, LLC*, 117 So. 3d 678, 682 (Miss. Ct. App. 2013) (quoting *Stanley v. Boyd Tunica, Inc.*, 29 So. 3d 95, 97 (Miss. Ct. App. 2010)).

C.  Lowe's Motion for Summary Judgment [115]

   1.  The parties' arguments

Lowe's does not dispute that Guidry was a business invitee at the time of his fall, and that it owed a duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe and suitable condition, or to warn Guidry of a dangerous condition that was not readily apparent. Mem. Summ. J. [116] at 1-3. Lowe's Motion succinctly asserts that:

> Plaintiffs cannot prove by competent evidence that Andrew Guidry fell because of any unreasonably dangerous condition in the Lowe's store. In addition, assuming Plaintiffs could show that Andrew Guidry fell because he slipped on a piece of debris on the floor, they cannot show that Lowe's caused Guidry to fall, that Lowe's had actual knowledge of the alleged dangerous condition and failed to warn Guidry, or that Lowe's had constructive knowledge of the alleged dangerous condition.

*Id.*

Lowe's maintains that because no one actually saw what caused Guidry to fall, any evidence Plaintiffs attempt to offer to establish that he slipped on a piece of plastic will necessarily constitute inadmissible hearsay based upon Guidry's unsworn verbal statements made at the time of the incident. Mem. Summ. J. [116] at 7-13. Lowe's further argues that these hearsay statements do not fall under the

7

hearsay exceptions set forth at Federal Rule of Evidence 803(1), as a present sense impression, or at Rule 803(2), as an excited utterance, because there exists no evidence as to the amount of time that passed between Guidry's fall and the statements he made as to its cause. *Id.* (citing *United States v. Cain*, 587 F.2d 678, 681 (5th Cir. 1979)). Lowe's further contends that even if the hearsay testimony concerning the cause of the fall is admitted, summary judgment is nevertheless appropriate because Plaintiffs cannot prove that Lowe's created the dangerous condition or that Lowe's had actual or constructive knowledge of a dangerous condition and failed to warn Guidry. *Id.* at 13-16.

Plaintiffs' Response [123] does not appear to address the hearsay issue but maintains that, because only Lowe's employees unpack boxes in the receiving and delivery department, only Lowe's employees could have created the dangerous condition. Resp. in Opp'n [123] at 1. This negated the requirement that Lowe's be on notice of the condition. *Id.* Plaintiffs further maintain that "circumstantial evidence" creates a question of fact as to Lowe's negligence such that genuine issues of material fact exist for trial. *Id.* at 2.

Lowe's counters in its Reply [127] that Plaintiffs have not created a genuine issue of material fact because they cannot use Guidry's hearsay statements to establish what caused the fall, in that Guidry's statements do not fall within any exception in Rule 803. Reply [127] at 1-6. Lowe's further contends that even if the hearsay statements are allowed, Plaintiffs have not produced any relevant material

8

evidence to support their position that Lowe's created the condition or that Lowe's was on notice of it. *Id.*

    2.    <u>Relevant exceptions to the hearsay rule.</u>

Lowe's argues that, because Guidry is not available to testify at trial, his statements to Lowe's employees that he fell because of a piece of plastic on the floor of the receiving and delivery department are hearsay and cannot be used to establish liability. According to Lowe's, unless these statements qualify for an exception to the hearsay rule, Plaintiffs will not be able to survive summary judgment on their negligence claim.

Guidry's statements to the Lowe's employees are hearsay because they were not made by Guidry while testifying at a trial or a hearing, and Plaintiffs intend to offer them for the truth of the matters asserted. *United States v. Polidore*, 690 F.3d 705, 719 (5th Cir. 2012) (citation omitted); *see* FED. R. EVID. 801(defining hearsay). Federal Rule of Evidence 803 provides in pertinent part that hearsay statements qualify for an exception to the rule and will be allowed into evidence under the following circumstances:

> (1) Present Sense Impression. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.
>
> (2) Excited Utterance. A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.

FED. R. EVID. 803(1) - (2). The United States Court of Appeals for the Fifth Circuit has held that

> Rule 803(1) provides that hearsay statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it," "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Fed. R. Evid. 803(1). The basis for this hearsay exception "relies on the contemporaneousness of the event under consideration and the statement describing that event. Because the two occur almost simultaneously, there is almost no 'likelihood of [a] deliberate or conscious misrepresentation.'" *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991) (citations omitted).

*Polidore*, 690 F.3d at 720. The Fifth Circuit has found statements made within 15 minutes of an incident to be sufficiently contemporaneous to qualify for the present sense impression exception to the hearsay rule. *See United States v. Cain*, 587 F.2d 678, 681 (5th Cir. 1979).

The hearsay exception for excited utterances under Rule 803(2) provides that a statement is admissible if it was made while the declarant was still in a state of excitement. *Michigan v. Bryant*, 562 U.S. 344, 361 (2011) ("Statements relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition are considered reliable because the declarant, in the excitement, presumably cannot form a falsehood.") (citations omitted); *see Idaho v. Wright*, 497 U.S. 805, 820 (1990); *Cain*, 587 F.2d at 681.

3. Analysis

In the present case, Lowe's Assistant Manager Molsbee testified that after Guidry fell, he completed an Incident Report [124-4] memorializing that the fall

10

occurred at approximately 12:42 p.m., and reflecting that the Report was completed approximately eighteen minutes later at 1:00 p.m. Molsbee Dep. [124-6] at 55. The Report reflects: (1) that Guidry stated to Molsbee that he "stepped on a piece of plastic and that made him fall;" (2) that Guidry identified the piece of plastic; and (3) that Molsbee took a picture of the piece of plastic. Incident Report [124-4] at 1-2. Although it is unclear from Molsbee's deposition testimony exactly how many minutes had elapsed between the moment of Guidry's fall and the time he made his statement to Molsbee that he fell because of a piece of plastic, based upon the times reflected on the face of the Incident Report it appears that the time span would not have exceeded 18 minutes. In addition, according to the deposition testimony of Lowe's Receiving/Delivery Manager Wiley, Guidry's statement to her that he had fallen because of a piece of plastic occurred before Molsbee arrived at the scene, which would also have been within 18 minutes of the fall, and could have been within 15 minutes or less of the fall. Wiley Dep. [124-9] at 2, 7. Based upon the testimony of these two witnesses, it appears that a question of fact exists regarding whether Guidry's statements meet the present sense impression exception to the hearsay rule, because they could have been made within 15 minutes of the fall, and right after Guidry perceived the event.

Lowe's next argues that even if the statements are allowed into evidence under an exception to the hearsay rule, Plaintiffs have not produced any evidence that a Lowe's employee was responsible for the presence of the plastic because,

presumably, one of Lowe's vendors could have left the plastic on the floor. However, Lowe's has not directed the Court to, nor has the Court located, any deposition testimony or other evidence that any individual other than Lowe's employees unpacked boxes in the receiving and delivery department on the day of the fall, or on any other day.[4] Thus, Lowe's has not carried its initial summary judgment burden on this argument.

After a thorough review of the record before it, the Court finds that Lowe's has not carried its burden of demonstrating that there exists no genuine dispute of material fact as to Plaintiffs' liability claim. Lowe's Motion for Summary Judgment [115] should be denied.

D.   Lowe's Motion for Partial Summary Judgment [117]

   1.   The parties' positions

Lowe's has also filed a Motion for Partial Summary Judgment [117] seeking dismissal of Plaintiffs' claims for punitive damages. Mot. P. Summ. J. [117] at 1. Lowe's proffers that Plaintiffs have not come forward with any clear and convincing evidence to support their assertion that Lowe's acted with actual malice, gross negligence, or willful, wanton or reckless disregard for Guidry's safety. Mem. P. Summ. J. [118] at 4-7.

---

[4] To the contrary, the deposition testimony of Lowe's employees was that Lowe's employees unpacked the boxes in that department. *See* Sigsworth Dep. [124-5] at 12-15; Guillaume Dep. [145-7] at 6-7; Roberson Dep. [124-8] at 12; Wiley Dep. [124-9] at 2-3.

12

Plaintiffs respond that Lowe's procedures for cleaning the floor after boxes were unpacked was reckless, grossly negligent, willful and wanton, and in total disregard for the safety of the employees and vendors in that area. Resp. in Opp'n [125] at 5. Plaintiffs further state that "reasonable minds could differ on whether the Defendant recklessly and wantonly left the area in question littered with plastic." *Id.* However, Plaintiffs have not cited any specific record evidence to support this position, relying instead on their argument that Lowe's did not have adequate "procedures for cleaning the area where they unpacked boxes." Resp. in Opp'n [125] at 5.

2. <u>Punitive damages under Mississippi law</u>

Mississippi Code § 11-1-65(1)(a) provides, in relevant part, that in any action in which punitive damages are sought:

(a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought *acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.*

Miss. Code Ann. § 11-1-65(1)(a) (emphasis added).

"Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Bar-Til, Inc. v. Superior Asphalt, Inc.*, 164 So. 3d 1028, 1032-33 (Miss. Ct. App. 2014) (quoting *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008)). Whether punitive damages should be awarded depends upon the particular circumstances of

13

a case. *Robertson v. Catalanotto*, 205 So. 3d 666, 676 (Miss. Ct. App. 2016). In determining whether the issue of punitive damages should be submitted to a jury, a trial court decides "whether, under the totality of the circumstances and viewing the defendant's conduct in the aggregate, a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard." *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 79 (Miss. 2003) (quotation omitted).

3. Analysis

Plaintiffs assert that "Lowe's procedures for cleaning the area where they unpacked boxes were reckless, grossly negligent, willful and wanton and in total disregard for the safety of people in that area." Resp. in Opp'n [125] at 5. However, Plaintiffs have not pointed to, nor has the Court identified, any material record evidence to support a claim for anything other than one for simple negligence. Simple negligence is not itself evidence sufficient to support an award of punitive damages; a plaintiff must proffer sufficient facts and circumstances to show that some portion of a defendant's conduct was willful and wanton or grossly negligent. *McCon v. Perez*, No. 1:17cv77, 2018 WL 3945621, at *2 (S.D. Miss. August 16, 2018) (citing *Walker v. Target Corp.*, No. 2:16-cv42, 2017 WL 2843613, at *5-6 (S.D. Miss. July 3, 2017) (citing *Choctaw Maid Farms v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002)).

Here, Plaintiffs' mere assertion that Lowe's procedures were deficient will not carry their burden of demonstrating by clear and convincing evidence that an award

14

of punitive damages is appropriate. Lowe's is entitled to partial summary judgment on Plaintiffs' claims for punitive damages.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Defendant Lowe's Home Centers, L.L.C.'s Motion for Summary Judgment [115] will be denied, its Motion for Partial Summary Judgment [117] will be granted, and Plaintiffs Estate of Andrew Guidry, by and through Its Executrix Paula Guidry, and Paula Guidry, Individually's claims for punitive damages will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Lowe's Home Centers, L.L.C.'s Motion for Summary Judgment [115] is **DENIED**, and its Motion for Partial Summary Judgment [117] is **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs Estate of Andrew Guidry, by and through Its Executrix Paula Guidry, and Paula Guidry, Individually's claims for punitive damages are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 8th day of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE